IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON AND MARIA DOUGLAS | § § § | |
| v. | § § | Civil Action No. 5:16-cv-1268 |
| SAFECO INSURANCE COMPANY OF INDIANA | § § § | |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §§1441(a) and 1446(b), and would respectfully show the Court as follows:

## I.
## NATURE OF THE CASE

1. On November 9, 2016, Plaintiffs Don and Marisa Douglas filed their Original Petition styled Cause No. 2016CI19526; *Don and Marisa Douglas v. Safeco Insurance Company of Indiana*, In the 37th District Court of Bexar County, Texas. Safeco was served with citation on November 16, 2016.

2. This lawsuit involves a dispute over Safeco's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by Plaintiffs' residential property at 3419 Hunters Circle Street, San Antonio, Texas 78230. Plaintiffs assert causes of action against Safeco for breach of insurance contract, violations of the Texas Insurance Code including violation of chapter 542 (Prompt Payment Act) and of section 541.060 (allegedly failing to

1

attempt in good faith to effectuate a prompt and equitable settlement and failing to conduct a reasonable investigation, among other things).  Plaintiffs allege actual damages, consequential damages, treble damages, and 18% statutory damages, plus attorney's fees.

## II.
## DIVERSITY JURISDICTION

3.	Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.	There Is Complete Diversity of Citizenship

4.	At the time Plaintiffs filed their Original Petition in District Court on November 9, 2016, and as of the date of filing this Notice, Safeco Insurance Company of Indiana is a company organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts.  Accordingly, both at the time Plaintiffs initially filed this suit and at the time Safeco filed this Notice, Defendant Safeco Insurance Company of Indiana is not a citizen of the State of Texas for diversity jurisdiction purposes.[1]

5.	Upon information and belief, Plaintiffs were citizens of Texas when their Petition was filed, and continue to be citizens of Texas.  Therefore, complete diversity of citizenship exists between the parties.

### B.	The Amount in Controversy Exceeds $75,000

6.	This Court also has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g., Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

2

controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]

### i. **Plaintiffs' artful pleading does not prevent removal.**

7.     Plaintiffs attempt to avoid removal by asserting that "the amount in controversy is less than $75,000.00 excluding interest and costs."[3]  However, this blanket assertion does not establish the amount in controversy where the petition itself shows the amount in controversy to be above $75,000.[4]

8.     Plaintiffs unequivocally state in their Original Petition:

- Defendant underpaid the claim by approximately $50,840.30.[5]
- Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages.[6]
- [O]ne or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages ...[7]
- Defendant has also violated the Prompt Payment Act, and Plaintiffs seek 18% damages as a penalty ...[8]
- ... plus reasonable and necessary attorney's fees ...[9]

In light of these assertions, there is no question that Plaintiffs have placed in controversy an amount exceeding $75,000.

---

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] *See* Exhibit A, Original Petition, at §V, page 3.
[4] In their Original Petition at § IV, page 2, Plaintiffs assert that they seek monetary relief less than $100,000 under Rule 47 of the Texas Rules of Civil Procedure.  Even if this statement were conclusive (which it is not), it clearly allows for the possibility that the amount in controversy is above $75,000.
[5] *Id.* at § V, page 3.
[6] *Id.* at § VI, page 4.
[7] *Id.* (emphasis added).
[8] *Id.* (emphasis added).
[9] *Id.*

9. The Fifth Circuit has previously dealt with the situation where plaintiffs attempted to avoid removal by averring they did not seek recovery in excess of $50,000.00 (the federal jurisdictional amount at that time).[10] The Court stated:

> Indeed, strictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000. We will treat the claim, however, as one for a specific amount of damages. Plaintiffs have labored to specify one "magic" number in their complaint, i.e. $50,000.... As a functional matter, plaintiffs are attempting to avoid federal jurisdiction. This goal is the same whether they pick a number such as $49,999 or merely announce a ceiling that, conveniently, is barely within the statutory limit.[11]

The Court went on to state:

> Here, the plaintiffs, in a bold effort to avoid federal court, have specifically alleged that their respective damages will not exceed the jurisdictional amount[12].... Accordingly, we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. Such a rule is necessary to avoid the sort of manipulation that has occurred in the instant case.[13]
>
> …
>
> So, once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint. Thus, once the defendant has pointed to an adequate jurisdictional amount, the situation becomes analogous to the "typical" circumstances in which the *St. Paul Mercury* "legal certainty" test is applicable: The defendant has established, by a preponderance, that federal jurisdiction is warranted. At this point, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[14]
>
> …
>
> Plaintiff's "legal certainty" obligation might be met in various ways; we can only speculate, without intimating how we might rule in such case. Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad*

---

[10] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-13 (5th Cir. 1995).
[11] *Id.* at 1408.
[12] *Id.* at 1409-10.
[13] *Id.* at 1411.
[14] *Id.* at 1412 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590).

4

*damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment. **Absent such a statute, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."**[15]

10. Plaintiffs are not permitted to manipulate their pleadings to evade federal jurisdiction when they knows their claim is worth more.[16] The Fifth Circuit has recognized that there exists:

> the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading. Such manipulation is surely characterized as bad faith.[17]

11. It is reasonable to infer that the damages Plaintiffs have placed in controversy exceed $75,000.00, especially considering the extra-contractual damages that Plaintiffs are seeking. Plaintiffs' statement that the amount in controversy is less than $75,000 is no real stipulation, because *Plaintiffs could amend their pleading at any time* to remove the purported damages cap and Safeco would be precluded from removing the case if one year had already passed.[18] If Plaintiffs were actually seeking less than $75,000.00, <u>there is no reason that Plaintiffs could not have filed a binding stipulation with their petition</u>. But in this case, there exists no verification, no affidavit, no declaration and no penalty of perjury statement. Clearly, Plaintiffs' Original Petition does not constitute a binding stipulation as contemplated by *DeAguilar*.

---

[15] *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)) (emphasis added).
[16] *Corley v. Southwestern Bell Telephone Co.*, 924 F. Supp. 782, 787 (E.D. Tex. 1996).
[17] *DeAguilar*, 47 F.3d at 1410.
[18] *See* 28 U.S.C. §1446(b), (c)(1); *see also Corley*, 924 F. Supp. at 787 ("Arguably, Plaintiffs could again amend their petition, upon remand, to seek damages in excess of $50,000 on behalf of the unnamed Plaintiffs.").

  ii. **It is facially apparent that the amount in controversy exceeds $75,000.**

12. The Court will easily find that the amount in controversy in this matter exceeds $75,000. Where a plaintiff does not specify the amount in controversy, the proper test is "whether the amount of the claim will more likely than not" exceed $75,000.[19] To perform this analysis, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[20]

13. Here, it is "facially apparent" that Plaintiffs are alleging damages in excess of $75,000. Plaintiffs claim that a wind/hail storm caused damages to the property that Plaintiffs insured through Safeco.[21] Plaintiffs seek damages for Safeco's refusal to fully compensate Plaintiffs under the terms of the insurance contract.[22] The Policy at issue is a Quality Select Homeowners Policy with coverage limits of $397,600 for the dwelling and $39,760 for Other Structures. Plaintiffs allege that Safeco "underpaid" the claim by $50,840.30.

14. In addition to the "underpayment", as shown above, Plaintiffs seek statutory penalties (18% annual interest) and treble damages under the Texas Insurance Code.[23] Three times the stated actual damages is $152,520.90. Plaintiffs also seek attorney's fees for bringing this suit.[24] Thus, given the Policy limits involved in Plaintiffs' claims, the nature of the claims, and the types of damages sought, it is "more likely than not" that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

  iii. **Plaintiffs refusal to enter into a binding stipulation demonstrates that their claim exceeds $75,000.**

---

[19] *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).
[20] *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *White*, 319 F.3d at 675.
[21] *See* Exhibit A, Original Petition at § V, page 2.
[22] *Id.* at page 3.
[23] *Id.* at 4.
[24] *Id.*

15. As shown above, the Court may also look to summary judgment-type evidence to ascertain the amount in controversy.[25] On December 9, 2016, counsel for Plaintiffs responded to a request from Defendant's counsel to enter into a binding stipulation that the amount in controversy is less than $75,000.[26] Plaintiffs refused. Instead, **counsel responded that "the damages in this case against Safeco exceed $75,000 …"**[27] Thus, by Plaintiffs' own admission, the amount in controversy is greater than $75,000.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

16. Safeco was first served with Plaintiffs' Original Petition in District Court on November 16, 2016. Therefore, Safeco filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). Additionally, it has been less than one year since this action was originally commenced, as required by 28 U.S.C. § 1446(b).

17. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

18. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

19. Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

20. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the 37th District Court of Bexar County, Texas, promptly after Safeco files this Notice.

---

[25] *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *White*, 319 F.3d at 675.
[26] *See* Exhibit B.
[27] *Id.*

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 37th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

*/s/ James P.K.*

David R. Stephens
Attorney in Charge
State Bar No. 19146100
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

James P. Lucas
State Bar No. 24068571
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
jlucas@lstlaw.com

*Counsel for Safeco Insurance Company of Indiana*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 16th day of December 2016, addressed to those who do not receive notice from the Clerk of the Court.

Matthew R. Pearson
Jonathan C. Lisenby
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205

_____
David R. Stephens / James P. Lucas

CERTIFIED MAIL #70151660000043826739  **Case Number: 2016-CI-19526**

2016CI19526  S00001

**DON DOUGLAS ET AL**
*Plaintiff*
vs.
**SAFECO INSURANCE COMPANY OF INDIANA**
*Defendant*

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** SAFECO INSURANCE COMPANY OF INDIANA
BY SERVING ATTORNEY FOR SERVICE CORPORATION SERVICE COMPANY

211 EAST 7TH STREET STE 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 9th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF NOVEMBER A.D., 2016.

PETITION

MATTHEW R PEARSON
ATTORNEY FOR PLAINTIFF
425 SOLEDAD ST 600
SAN ANTONIO, TX 78205-1553



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu*, Deputy

---

Officer's Return

Came to hand on the 10th day of November 2016, A.D., at 11:27 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu*, Deputy

EXHIBIT
A

ORIGINAL (DK003)

FILED
11/9/2016 11:01:40 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

cit cml/sac2 w/jd

CAUSE NO. **2016CI19526**

| | | |
|---|---|---|
| DON AND MARISA DOUGLAS, | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| v. | § | 37th JUDICIAL DISTRICT |
| SAFECO INSURANCE COMPANY OF INDIANA | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, DON and MARISA DOUGLAS file this Original Petition against Defendant, SAFECO INSURANCE COMPANY OF INDIANA ("Safeco"), and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiffs and property which is the subject of this suit are located in Bexar County, Texas.

### III. PARTIES

Plaintiffs reside in Bexar County, Texas.

Defendant Safeco is in the business of insurance in the State of Texas. The insurance business done by Safeco in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiffs;

- The taking or receiving of application for insurance, including Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiffs.

Defendant, SAFECO INSURANCE COMPANY OF INDIANA may be cited with process by **_Certified Mail, Return Receipt Requested_ to the attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiffs' home from a wind/hail event on or about April 12, 2016. Plaintiffs seeks damages for breach of contract and violations of the Texas Insurance Code. Plaintiffs also seeks his attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seeks monetary relief less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### V. BACKGROUND FACTS

Plaintiffs own a home located at 3419 Hunters Circle Street, San Antonio, Texas 78230. The home is covered by a policy of insurance, numbered OY7122530, issued by Defendant Safeco to Plaintiffs ("the Policy"). The Policy covered Plaintiffs' home against loss by wind, water damage, among other perils.

As a consequence of the wind and hail, Plaintiffs' home sustained extensive damage on or about April 12, 2016.

Plaintiffs gave timely notice to the carrier.

The carrier assigned the claim to adjusters to investigate, report on and adjust the loss.

Plaintiffs provided information to the adjusters and opportunities for the adjusters to inspect the Residence.

Defendant has failed and refused to pay Plaintiffs in accordance with its promises under the Policy. Specifically, Defendant underpaid the claim by approximately $50,840.30. In addition, Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.* Considering the underpayment in this case, the amount in controversy is less than $75,000.00 excluding interest and costs.

## VI. CLAIMS AGAINST SAFECO INSURANCE COMPANY OF INDIANA

**Declaratory Judgment.** Plaintiffs re-allege the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiffs are entitled to a declaration that the Policy provide coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiffs assert that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiffs re-allege the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiffs. Plaintiffs have satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiffs bring an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- refusing to pay Plaintiffs' claims without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiffs seek 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiffs to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiffs request that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant provide the information required in a Request for Disclosure.

## X. REQUESTS FOR PRODUCTION

Produce the complete claim file for Plaintiffs' property relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiffs' property which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiffs' property which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XI. PRAYER

WHEREFORE, Plaintiffs seek the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the Residence, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiffs;

C. Damages against Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

  D. Damages against Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

  E. Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

  F. Any other relief to which Plaintiffs would be justly entitled to.

            Respectfully submitted,

*/s/ Matthew R. Pearson*
_____
MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFFS**



CERTIFIED MAIL

7015 1660 0000 4382 6739

SAFECO INSURANCE COMPANY OF INDIANA
BY SERVING ATTORNEY FOR SERVICE CORPORATIO
211 EAST 7TH STREET STE 620
AUSTIN, TX 78701

2016CI19526   11/10/2016   CITCM   DEBRA CANTU

DONNA KAY McKINNEY
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

RETURN SERVICE REQUESTED